■ OWL HOMES OF FREDONIA, INC., Appellant-Respondent, v ROBERT L. MURPHY, SR., et al., Individually and Doing Business as GYPSUM MILLS ESTATES, Respondents-Appellants. [607

NYS2d 513] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We affirm the dismissal of plaintiff's first, third, fourth, fifth, sixth and part of the seventh causes of action for reasons stated in the decision at Supreme Court. Supreme Court erred, however, in denying the motion for summary judgment insofar as it sought dismissal of the second and the remaining part of the seventh causes of action. Plaintiff alleges in its second cause of action that it was induced by false representations to enter into the "contract." In dismissing the first and fifth causes of action, Supreme Court properly found, however, that there was no contract. Thus, the fraud cause of action also must be dismissed. Furthermore, that cause of action must be dismissed for failure to allege that, at the time the representations were made, defendant did not intend to carry them out (see, Lanzi v Brooks, 43 NY2d 778, mot to amend remittitur granted 43 NY2d 947). The remaining portion of the seventh cause of action alleges tortious interference with contractual relations, based on a contract with Mr. Years. Defendants, Robert L. Murphy, Sr., and Betty Jean Murphy, individually and doing business as Gypsum Mills Estates ("Gypsum"), argue for the first time on appeal that the making of that contract was in violation of a letter agreement between plaintiff and Gypsum. That agreement provides that plaintiff will not sell any more homes for placement in Gypsum until the issues raised in plaintiff's motion for a temporary injunction "are in all respects finally resolved." It is undisputed that the contract with Mr. Years postdates that letter agreement. Plaintiff argues that the denial of its motion for a temporary injunction finally resolved the issues raised therein. Denial of a motion for a temporary injunction is not a final adjudication on the merits and those allegations in the motion papers were incorporated in plaintiff's amended complaint. Thus, those issues will not be "finally resolved" until this appeal is decided.

We modify the order, therefore, by dismissing the second and the remaining part of the seventh causes of action. (Appeals from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.